UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTOINE A. BELIZAIRE,

                    Plaintiff,

          -against-

UNITED AIRLINES,

                    Defendant.

26-CV-1870 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Massapequa, New York, brings this *pro se* action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621 to 634, and New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297, alleging employment discrimination. Plaintiff names United Airlines, Plaintiff's employer, as the Defendant in this case. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the District of New Jersey.

## DISCUSSION

A Title VII lawsuit can be brought in

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

The ADEA does not have its own venue provision but is rather governed by the general venue statute, Section 1391(b). *See, e.g.*, *Holmes v. Romeo Enterprises, LLC*, No. 15-CV-3915, 2015 WL 10848308, at *3 (S.D.N.Y. Nov. 2, 2015) (citing *Lightfoot v. Union Carbide Corp.*, 1994 WL 184670, at *10 (S.D.N.Y. May 12, 1994); *Michelli v. City of Hope*, 1994 WL 410964, at *1 n.2 (S.D.N.Y. Aug. 4, 1994); *O'Connor v. Pan Am*, 1990 WL 118286, at *4 (S.D.N.Y. May 4, 1990)). Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendant discriminated against him at his place of employment, Newark Liberty International Airport, which is located in Newark, New Jersey. (ECF 1 at 3.) Nothing in the complaint suggests that any unlawful employment practice occurred in this district, that any employment records are maintained in this district, that he would have worked in this district but for the unlawful employment practice, or that Defendant maintains its principal office in this district. Venue for Plaintiff's Title VII claim therefore is not proper in this district under Section 2000e-5(f)(3). Further, as a substantial part of the events giving rise to the claim did not occur in this district, venue is not proper under Section 1391(b) either.

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which

it could have been brought." 28 U.S.C. § 1406(a). Plaintiff claims his employer discriminated against him in Newark, New Jersey, which is in the District of New Jersey. *See* 28 U.S.C. § 110. Accordingly, venue lies in the District of New Jersey under both Section 2000e-5(f)(3) and Section 1391(b), and, in the interest of justice, the Court transfers this action to the United States District Court for the New Jersey. 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of New Jersey. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    March 13, 2026
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

3